No. **A-CV-22-90**
# Supreme Court of the Navajo Nation

**Larry Tsosie, Appellant,**
v.
**Marilyn Charlee, Appellee.**
**Decided October 26, 1990**

## OPINION

Before TSO, Chief Justice, BLUEHOUSE and AUSTIN, Associate Justices.

Casey Watchman, Esq., Crownpoint, Navajo Nation (New Mexico), for the appellant; and Albert Hale, Esq., Window Rock, Navajo Nation (Arizona), for the appellee.

Opinion delivered by AUSTIN, Associate Justice.

This case presents the question of which of two orders is the final order from which an appeal can be taken.

### I

The parties were granted a divorce on October 15, 1983. The divorce decree did not specify a monetary amount of child support other than that each party shall be responsible for 50% of the needs of the children.

The appellee, Marilyn Charlee, filed a petition to modify the decree. In her petition, she requested a specific monetary amount for monthly child support and demanded payment of child support arrearage. At the hearing on the petition, the parties agreed and stipulated that the issues of the amounts of child support and arrearage should be decided by the court based upon sworn affidavits to be submitted by the parties. The court entered an order approving the parties' agreement on March 17, 1989. The parties filed their sworn affidavits and, based upon these affidavits, the district court decided the issues of the amounts of child support and arrearage by order entered on August 15, 1989. This is the order appellee alleges to be the final order.

The appellant, Larry Tsosie, then filed a motion to amend and correct certain miscalculations and wording in the August 15, 1989 Order. At a hearing on this motion, the parties agreed that the August 15, 1989 Order should be corrected according to the appellant's motion. The corrections were made and they resulted in the June 13, 1990 Order. A comparison of the two orders is as follows:

FINDINGS OF FACT

Paragraphs

1.    Same
2.    Same
3.    Same
4.    Same
5.    Same
6.    Same
7.    Same
8.    Same
9.    Same
10.   .*October 26, 1988*. Corrected to *October 26, 1983*.
      .Arrearage amount corrected from *$17,014.00* to *$16,740.00*.
      .Amount paid by appellant corrected from *$1,836.78* to
      *$2,271.78*.
11.   Same
12.   .Amount of back child support changed from *$14,355.22* to
      *$13,646.22* based on corrections made in paragraph 10 above.
13.   Same

ORDER

1.    Same
2.    .Changed *$14,355.22* to *$13,646.22* owed for back child
      support based on corrections in paragraph 10 above.
3.    ."Petitioner" changed to "Respondent" to reflect the
      actual decision
4.    Same
5.    Same

The appellant appealed from the June 13, 1990 Order on July 13, 1990. The appellee filed a motion to dismiss the appeal arguing that the appeal is untimely because the August 15, 1989 Order is the final appealable order.

## II

The statutory law on appeals within the Navajo Nation is found at 7 N.T.C. § 801 (1985):

a) Every person aggrieved by any final judgment or other final order of a District Court of the Navajo Nation . . . and desiring to appeal shall within 30 days after the day such judgment or order is rendered appeal to the Supreme Court stating fully the grounds for appeal. The appeal shall be in writing and shall conform to the Navajo Rules of Appellate Procedure. No oral requests for appeal shall be accepted.

b) The Supreme Court shall accept or deny the appeal and assign it for hearing before the Supreme Court.

A party may appeal only a judgment or order that is final. *Chuska Energy Co. v. Navajo Tax Comm'n.*, 5 Nav. R. 98, 102-103 (1986). Interlocutory appeals are not allowed within the Navajo Nation. *Billie v. Abbott*, 5 Nav. R. 201, 203 (1987); *McClellan v. McClellan*, 5 Nav. R. 204 (1987); *Navajo Nation v. MacDonald Sr.*, 6 Nav. R. 206, 207 (1990). The appellant has the burden of proving that the order appealed is indeed a final order. *See Chuska Energy Co.*, 5 Nav. R. at 102-103.

Sometimes it is difficult to determine whether an order is final for the purpose of appeal. For this reason, this Court has established a general rule against which alleged final orders can be tested. In *Chuska Energy Co.*, 5 Nav. R. at 102, we said, "The Supreme Court is unavailable for review until all the substantial rights of the parties have been determined in the lower tribunal.... The case must be fully adjudicated on the merits, and the entry of the final decision must preclude further proceedings in the lower tribunal."

We applied this rule in *Chuska* and found that the order denying Chuska's motion to quash certain subpoenas had not decided the substantial rights of the parties and it had not decided the merits of the case. The case was still in litigation in the lower tribunal. *Id.* at 103. The rule was also applied in *Billie v. Abbott*, 5 Nav. R. 201, 202-203. There we held that an order denying a motion to dismiss for lack of jurisdiction was not a final order that can be appealed. We said, "an order that precludes further proceedings on the merits of a case will terminate a case. Thus, an order that terminates a case is final for purposes of appealability, even where it does not determine the merits of a case." See also *McClellan v. McClellan*, 5 Nav. R. 204 (order denying motion to dismiss for lack of personal jurisdiction is not a final appealable order); *Navajo Nation v. MacDonald*, 6 Nav. R. at 207 (order denying attorneys' motion to withdraw from a criminal case is not a final appealable order).

These cases propose that whether an order is final is determined by the substance of the decision. Thus, a final order will generally show on its face that the case has been decided on the merits, the substantial rights of the parties have been determined, and there are no further proceedings remaining in the lower court on the merits of the case.

In applying the *Chuska* test we find that the August 15, 1989 Order is the final appealable order. That order decided all the issues presented by the appellee's petition on the merits and it determined the substantial rights of the parties. The August 15, 1989 Order terminated all litigation on the issues; thereby, it essentially completed the case. Finally, the August 15, 1989 Order contains the decisive findings of fact and conclusions of law which are requisite components of a validly entered final decision.

In contrast, the June 13, 1990 Order merely corrected calculations and inadvertent errors appearing on the August 15, 1989 Order. No new findings of fact

or conclusions of law were made in the June 13, 1990 Order. We view these corrections as relief granted by the district court using Nav. R. Civ. P. 60(a). These corrections resulting in the June 13, 1990 Order did not create a new time period during which an otherwise expired appeal could be taken. This appeal can be dismissed on this point alone.

The appellant argues that this Court must accept his appeal, and review apparently both orders, because he did not "expressly consent" to have the district court decide the case on sworn affidavits. The appellant states that, "[i]n both cases [decisions resulting in the Orders of August 15, 1989 and June 13, 1990], it appears that the attorneys for the parties agreed to settle the matter in controversy by solely submitting 'sworn affidavits.'" Brief of Appellant at 3. The appellant apparently argues that his prior attorneys agreed to have the district court decide the issues on sworn affidavits without his consent.

The appellant's position does not overcome the jurisdictional problem. The appellant's argument is basically an attack on the findings made in the August 15, 1989 Order. For example, the main point in the appellant's brief is his disagreement with the amount of back child support that was held to be his obligation. Although the appellant claims to be appealing the June 13, 1990 Order, that order merely corrected miscalculations and other minor errors, and it did not alter the merits of the findings of fact or the conclusions of law made in the August 15, 1989 Order. The parties' agreement to decide the issues on sworn affidavits resulted in a decision on the merits of the issues presented by the appellee's petition. Thus, the August 15, 1989 Order is the final decision on the merits.

Moreover, where a party is represented by freely selected counsel, that counsel has authority to bind the party. As such, the party has an obligation to work with his counsel. As we said in a prior case: "A party to a suit has a responsibility to maintain contact with his counsel and assure that his case is being handled properly." *Chavez v. Tome*, 5 Nav. R. 183, 188 (1987). The appellant's contention that his attorney acted without his express consent to have the issues decided on sworn affidavits is suspect. The trial court record shows that the appellant, consistent with his agreement with the appellee, filed a sworn affidavit that had his signature on it.

It is too late now for the appellant to attack the findings and conclusions made in the August 15, 1989 Order. The appellant must have appealed the August 15, 1989 Order within 30 days of its entry for this Court to have jurisdiction. 7 N.T.C. § 801(a) (1985). We hold that the appeal is late; therefore, we have no jurisdiction over the appeal.

The motion to dismiss the appeal for lack of jurisdiction is granted.